**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4900**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VICTOR HUGO ESPINOZA-HERNANDEZ, a/k/a Samuel Lorenzo-Contreras,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:19-cr-00228-D-1)

Submitted: June 18, 2020                    Decided: June 22, 2020

Before FLOYD, THACKER, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victor Hugo Espinoza-Hernandez pled guilty to illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326(a) (2018). The district court sentenced Espinoza-Hernandez to four months' imprisonment, to be served consecutively to any sentence imposed in pending state criminal proceedings. On appeal, Espinoza-Hernandez argues that his sentence is substantively unreasonable. We affirm.

We review a criminal sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. We have confirmed that Espinoza-Hernandez's sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

To be substantively reasonable, the sentence must be "sufficient, but not greater than necessary" to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a) (2018). In assessing substantive reasonableness, we consider "the totality of the circumstances." *Gall*, 552 U.S. at 51. A sentence is presumptively substantively reasonable if it "is within or below a properly calculated Guidelines range," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Espinoza-Hernandez argues that his sentence is substantively unreasonable because it is greater than necessary to accomplish the sentencing objectives of 18 U.S.C. § 3553(a) and insists that a sentence of time served would have been sufficient. We have reviewed the record and conclude that the district court properly evaluated the relevant § 3553(a)

2

factors, including the nature and circumstances of the offense, the defendant's history and characteristics, and the need for deterrence, and appropriately balanced these factors against Espinoza-Hernandez's mitigating arguments in imposing a sentence within the Guidelines range. Therefore, Espinoza-Hernandez failed to rebut the presumption of substantive reasonableness accorded his within-Guidelines-range sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*